IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES SCOTT NICHOLSON, HK-8900, )
    Petitioner, )
     )
    v. ) Civil Action No 09-490
     )
JOHN PALAKOVICH, et al., )
    Respondents. )

Mitchell: M.J.:

Memorandum and Order

James Scott Nicholson, an inmate at the State Correctional Institution at Camp Hill has presented a petition for a writ of habeas corpus. Because he has not exhausted the available state court remedies, the petition will be dismissed, without prejudice, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Nicholson is presently serving a thirteen and a half to thirty year sentence imposed following his conviction, by a jury, of rape, sexual assault and incest at No. 1766 of 2007, in the Court of Common Pleas of Fayette County, Pennsylvania. This sentence was imposed on February 6, 2008.[1]

An appeal was taken to the Superior Court in which the issue presented was that the evidence was insufficient to establish guilty beyond a reasonable doubt. On August 12, 2008, the

---

[1] See: Petition at ¶¶ 1-6.

1

judgment of sentence was affirmed.[2]

On January 12, 2009, Nicholson filed a post-conviction petition in the Fayette County Court of Common Pleas where it is presently pending.[3]

The petitioner now seeks relief in this Court alleging that:

1. The Pennsylvania State police failed to test the rape kit to ascertain whether more than one male had sexual contact with the victim.

2. A statement was taken from the petitioner without the benefit of his Miranda warnings, and evidence was seized from his home without a warrant.

3. Trial counsel was ineffective.

4. The prosecution failed to prove his guilt beyond a reasonable doubt.[4]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

---

[2] See: Petition at ¶ 9.

[3] See: Petition at ¶ 11.

[4] See: Petition at ¶ 12.

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask

3

whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in <u>Williams v. Taylor</u> made it clear that the "contrary to" and "unreasonable application" clauses have independent meaning.

In the instant case, Nicholson concedes that he has not exhausted his state court remedies, but seeks to file the petition here as a "protective application" to avoid any statute of limitations questions.[5]

Nicholson's conviction became final on September 11, 2008 when the time in which to seek review by the Pennsylvania Supreme Court expired.[6] His post-conviction petition was filed in the Court of Common Pleas on January 12, 2009, and is clearly a timely petition since it was filed within one year of his sentence becoming final.[7] Thus there is no need for a protective filing at this juncture and the matter is properly before the courts of the Commonwealth for their consideration in the first instance.

Accordingly, the petition here is premature and will be dismissed, without prejudice, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[5] See: Page 1 of the addendum to the petition.

[6] Rule 903, Pa.R.App.P.

[7] 42 Pa.C.S.A. 9545(b).

ORDER

AND NOW, this 18th day of May, 2009, for the reasons set forth in the foregoing Memorandum, the petition of James Scott Nicholson for a writ of habeas corpus is dismissed, without prejudice, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

The petitioner is put on notice of this disposition and as mandated by <u>United States v. Randolph</u>, 409 F.3d 155 (3d Cir.2005), is further ordered that on or before May 29, 2009, to show cause, if any, why judgment should not be entered accordingly.

    s/ Robert C. Mitchell
    United States Magistrate Judge